WILLIAM PRYOR, Circuit Judge:
This appeal presents the issue whether warrantless forensic searches of two cell phones at the border violated the Fourth Amendment. U.S. Const. amend IV. Hernando Javier Vergara appeals the denial of his motion to suppress evidence found on two cell phones that he carried on a cruise from Cozumel, Mexico to Tampa, Florida. He argues that the recent decision of the Supreme Court in *1311 Riley v. California , --- U.S. ----, 134 S.Ct. 2473, 189 L.Ed.2d 430 (2014) -that the search-incident-to-arrest exception to the warrant requirement does not apply to searches of cell phones-should govern this appeal. But we disagree. The forensic searches of Vergara's cell phones occurred at the border, not as searches incident to arrest, and border searches never require a warrant or probable cause. At most, border searches require reasonable suspicion, but Vergara has not argued that the agents lacked reasonable suspicion to conduct a forensic search of his phones. We affirm.
I. BACKGROUND
Vergara returned to Tampa, Florida, on a cruise ship from Cozumel, Mexico, with three phones: a Samsung phone inside a bag in his luggage, an LG phone, and an iPhone. Christopher Ragan, an officer with Customs and Border Protection, identified Vergara and searched his luggage. When Ragan found the Samsung phone in Vergara's luggage, he asked Vergara to turn the phone on and then looked through the phone for about five minutes. During this search, Ragan found a video of two topless female minors. After watching a few seconds of that video, Ragan called investigators for the Department of Homeland Security.
After viewing the video and interviewing Vergara, Terri Botterbusch, a special agent with the Department of Homeland Security, decided to have all three phones forensically examined. Agents later returned the iPhone to Vergara's niece after a forensic examination revealed that it did not contain any child pornography.
A forensic examination of the Samsung and LG phones conducted that day revealed more than 100 images and videos, "the production of which involved the use of a minor engaging in sexually explicit conduct and the visual depictions were of such conduct." Neither the earlier manual search nor the forensic examinations damaged the phones. A grand jury later indicted Vergara on two counts: (1) that he "did knowingly transport in and affecting interstate and foreign commerce one or more visual depictions, the production of which involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of such conduct"; and (2) that he "did knowingly possess numerous matters that had been shipped and transported using any means and facility of interstate and foreign commerce, including by computer, which matters contained visual depictions of minors engaging in sexually explicit conduct and the production of which involved the use of minors engaging in sexually explicit conduct." See 18 U.S.C. § 2252(a)(1), (b)(1) ; 18 U.S.C. § 2252(a)(4)(B), (b)(2).
Vergara filed a motion to suppress the evidence obtained from his cell phones. The court held a suppression hearing, at which Ragan and Botterbusch testified, and later denied Vergara's motion. The district court ruled that the initial manual search did not require reasonable suspicion and found that "in any event, ... Agent Ragan had reasonable suspicion to search the applications and settings of the phone for evidence of child pornography." The district court also rejected Vergara's argument that Riley v. California , --- U.S. ----, 134 S.Ct. 2473, 189 L.Ed.2d 430 (2014), required the agents to obtain a warrant before conducting the forensic search. It reasoned that Riley did not apply to border searches. It agreed with the government that "if [Vergara] had entered the country with child pornography images in a notebook, the notebook would have been subject to inspection, and he cannot be allowed to insulate himself from inspection by storing child pornography electronically on his cell phone." And it concluded that, in any event, the search was supported by reasonable suspicion.
*1312 At a later bench trial, the district court found Vergara guilty of both counts and later sentenced him to ninety-six months of imprisonment on each count concurrently followed by supervision for life.
II. STANDARD OF REVIEW
"With regard to [a] motion to suppress, we review the district court's factual findings for clear error and its legal conclusions de novo ." United States v. Newsome , 475 F.3d 1221, 1223 (11th Cir. 2007). We construe all facts "in the light most favorable to the prevailing party below." Id. at 1224 (internal quotation marks omitted). And "[t]he individual challenging the search bears the burdens of proof and persuasion." Id. (internal quotation marks omitted).
III. DISCUSSION
The Fourth Amendment to the U.S. Constitution provides, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause ...." U.S. Const. amend. IV. Ordinarily, "where a search is undertaken by law enforcement officials to discover evidence of criminal wrongdoing, reasonableness ... requires the obtaining of a judicial warrant." Riley , 134 S.Ct. at 2482 (alterations adopted) (internal quotation marks omitted). But searches at the border, "from before the adoption of the Fourth Amendment, have been considered to be 'reasonable' by the single fact that the person or item in question had entered into our country from outside." United States v. Ramsey , 431 U.S. 606, 619, 97 S.Ct. 1972, 52 L.Ed.2d 617 (1977). Border searches "never" require probable cause or a warrant. Id. And we require reasonable suspicion at the border only "for highly intrusive searches of a person's body such as a strip search or an x-ray examination." United States v. Alfaro-Moncada , 607 F.3d 720, 729 (11th Cir. 2010).
The forensic searches of Vergara's phones required neither a warrant nor probable cause. "The Supreme Court has consistently held that border searches are not subject to the probable cause and warrant requirements of the Fourth Amendment." United States v. Vega-Barvo , 729 F.2d 1341, 1344 (11th Cir. 1984) (citing Ramsey , 431 U.S. at 619, 97 S.Ct. 1972 ). Instead, "they are simply subject to that amendment's more amorphous reasonableness standard." United States v. Villabona-Garnica , 63 F.3d 1051, 1057 (11th Cir. 1995). The "longstanding recognition that searches at our borders without probable cause and without a warrant are nonetheless 'reasonable' has a history as old as the Fourth Amendment itself." Ramsey , 431 U.S. at 619, 97 S.Ct. 1972. And "[t]here has never been any additional requirement that the reasonableness of a border search depended on the existence of probable cause." Id. ; see also United States v. Montoya de Hernandez , 473 U.S. 531, 537-38, 105 S.Ct. 3304, 87 L.Ed.2d 381 (1985).
Vergara argues that Riley required a warrant for both the manual and the forensic searches of his phones, but he challenges only the forensic searches because no evidence from the manual search was admitted as evidence against him. In Riley , the Supreme Court addressed the constitutionality of warrantless manual searches of cell phones following the arrest of two defendants in the United States. 134 S.Ct. at 2480-82. And the Supreme Court expressly limited its holding to the search-incident-to-arrest exception. It explained that "even though [that] exception does not apply to cell phones, other case-specific exceptions may still justify a warrantless search of a particular phone." Id. at 2494.
Border searches have long been excepted from warrant and probable cause requirements, *1313 and the holding of Riley does not change this rule. Vergara points to language from Riley about the "consequences for privacy" involved in a search of a cell phone. Id. at 2489. But this language does not help him. At the border, the highest standard for a search is reasonable suspicion, see Vega-Barvo , 729 F.2d at 1344-45, and Vergara has not challenged the finding of the district court that reasonable suspicion existed for the searches of his phones. So we need not-and do not-address the questions whether reasonable suspicion was required for the searches or whether reasonable suspicion existed.
IV. CONCLUSION
We AFFIRM Vergara's judgment of conviction and sentence.